GRAY v. DYE ET AL.

**Practice**: DEMURRER: JUDGMENT. An answer which specifically denies the material allegations of the petition, and contains averments sufficient to put the plaintiff upon proof, is not vulnerable to demurrer. The answer tendering an issue, a judgment rendered against the defendant without proof, will be reversed.

*Appeal from Linn District Court.*

FRIDAY, SEPTEMBER 25.

THE petition alleges, in substance, that, on the 14th day of March, 1870, the plaintiff sold to the defendant, William Mc. E. Dye, two hundred and thirty-six acres of land for the sum

of $11,750.00, payable as follows: $300.00 in wood and railroad ties now chopped and on the premises, $1450.00 on the 15th day of September, 1870, and the balance in five annual payments of $2000 each, commencing September 15th, 1871, and ending September 15th, 1875, with interest on the first two of said payments at the rate of eight per cent., and on the remaining four at the rate of ten per cent. per annum, the interest payable annually.

2. That on the 16th of September, 1872, in the Linn Circuit Court, the plaintiff, on account of interest due on the above contract, recovered judgment against the said William McE. Dye for the sum of $833.55, with interest at the rate of ten per cent. per annum, and costs, and an order for the sale of so much of the premises described in said contract as might be necessary to satisfy said judgment.

3. That on the 29th of March, 1873, John G. Hayzlett, sheriff of Linn county, by his deputy, J. V. McLain, by virtue of a special execution issued upon said judgment, exposed to sale in separate parcels about sixty-five acres of said premises. That at said sale plaintiff's attorney, J. B. Young, stated that the property was held as security for a large sum of money not yet due, and that plaintiff did not wish to bid on parcels, but would bid if the whole property was offered together; that the defendants, William McE. Dye and Henry P. Elliott, were present, acting in concert with each other, and the said Henry P. Elliott bid for the property the sum of three thousand dollars, which was the first and only bid made therefor; that a controversy arose between J. B. Young, attorney for plaintiff, and John Mitchell, attorney for defendant, William McE. Dye, in regard to the proceeds of the sale being applied upon the payments of the contract not yet due, whereupon Young went to his office for statutes and authorities, and whilst he was absent and immediately after the sale took place, McE. Dye and his attorney, John Mitchell, and his agent, Henry P. Elliott, persuaded the deputy sheriff to make out a certificate of purchase at once to Ellen A. Dye, wife of the said McE. Dye, and to take of the said McE. Dye a receipt of the excess of said bid, over and above the amount required

to satisfy said judgment, interest and costs, to-wit, the sum of $2,091.25.

That the deputy sheriff executed a certificate of purchase in the name of Ellen A. Dye, and took a receipt of the said William McE. Dye for the sum of $2,091.25 That Henry P. Elliott furnished all the funds paid at said sale, and that the sum of $2,091.25 was not paid over to said deputy sheriff nor to said Wm. McE. Dye, or, if so paid, that it was immediately returned to said Henry P. Elliott, and on the same day the certificate of purchase was assigned to him as collateral security for the payment of the sum of $908.75, advanced by him at the request of said William McE. Dye.

That on the same day the deputy sheriff demanded of Wm. McE. Dye and Henry P. Elliott, the balance of the purchase money bid for said property, in order to apply it on other payments secured by said written contract, and which were not then due, but they refused to pay it under the pretense that, inasmuch as the other payments were not due, William McE. Dye was entitled to the excess.

4. That on the 3d day of April, 1873, John G. Hayzlett, sheriff, tendered to Henry P. Elliott all funds recived as proceeds of said sale, to-wit: the sum of $908.75; and demanded a surrender of said certificate of purchase, and the said Elliott refused to accept said sum and to surrender said certificate.

5. That the property described in the certificate of purchase is of the actual value of $4,500.00, and the remainder of the real property mentioned in said contract does not exceed in value the sum of $6,500.00, and that the amount due and to become due on said written contract is nearly $10,000.00, and the defendant, Wm. McE. Dye, is insolvent, and has sold all his interest in said real property to his wife, Ellen A. Dye.

6. That the defendants, Wm. McE. Dye, Ellen A. Dye, and Henry P. Elliott, combined and confederated together to defraud the plaintiff, and to impair the value of his security for the several sums mentioned in said contract, and to that end Henry P. Elliott made the bid above mentioned, and he and said McE. Dye deceived the deputy sheriff and induced him to execute the certificate of purchase as before alleged.

7.   That the said Wm. McE. Dye, Ellen A. Dye and Henry P. Elliott, and each of them, had actual, as well as constructive, notice of the several sums of money secured by the written contract, remaining unpaid and not due.

8.   That no part of the $3,000.00 bid at said sale for the property described in the certificate of purchase, except $908.75, has been paid, and the refusal to pay the balance of the purchase money, upon demand being made, rendered the sale void.

9.   That by reason of the fraudulent practices of said McE. Dye, Ellen A. Dye and Henry P. Elliott, and their failure to· pay the remainder of the purchase money, the sale and certificate are void.

10.   That the Iowa City National Bank now claims to be the owner and holder of said certificate. Plaintiff asks that the sale may be set aside, and that the certificate of purchase be declared void. The sheriff's return, executed by J. V. McLain, March 29, 1873, and made an exhibit to the petition, states that he sold said real estate to Ellen A. Dye, for the sum of $3,000.00, she being the highest and best bidder therefor, who then and there paid to him the sum of $3,000.00, so bid by her, whereupon he executed and delivered to her a certificate of said purchase to said real estate, and there being an overplus of $2,090.25, the receipt of which is hereto attached, and immediately after the delivery of the certificate, and the payment of the overplus to said Wm. McE. Dye, the plaintiff claiming that the overplus should have been retained by him, he went to McE. Dye and requested him to return the money, which he refused to do.

In addition to this, is also a return of J. G. Hayzlett, sheriff, as follows:   "And now, to-wit: on the 3d day of April, A. D. 1873, I, J. G. Hayzlett, having returned, and my deputy, J. V. McLain, having reported to me that he had paid over to Wm. McE. Dye the excess in above mentioned sale, and plaintiff's attorney having demanded of me such excess to apply on other payments, secured by the same mortgage, upon which the judgment referred to in this execution was based, I immediately went to H. P. Elliott, the then holder of

the certificate of purchase, and the acting agent of the purchaser at sale, and also of defendant, and tendered to him the amount of said purchase money, less the sum paid over to defendant, and demanded of him a surrender of the certificate of purchase, which he refused, and upon his refusal so to do, I returned said money to the clerk of the court with the execution, less the costs."

The defendants, for answer to the petition, admit the allegations contained in the first and second paragraphs of the petition.

As to the allegations contained in the third paragraph of the petition, they admit that a sale of the premises was made, on the day alleged, to Ellen A. Dye, for the sum of $3000.00, and that the defendant, Henry P. Elliott, acted as her agent at said sale. They admit that Henry P. Elliott paid the whole amount of said bid and held said certificate as security for the repayment of the same by Ellen A. Dye. They admit the allegations contained in the fourth paragraph of the petition so far as they are sustained and set forth in the return of the sheriff, which is made an exhibit to the petition. They admit that the premises sold at said sale were of the value of $4500.00. Defendants deny that they, or any of them, used or practiced any fraud at said sale, and that they combined or confederated together to defraud the plaintiff or impair his security, and that the deputy sheriff was deceived by them.

They allege that the deputy sheriff, after satisfying the execution which he had against the defendant, William McE. Dye, paid the balance of said money, to-wit: the sum of $2090.25, to the defendant in execution, as by law he was bound to do.

The said J. B. Young, plaintiff's attorney, was present at said sale, and made no objections, but expressed himself as highly pleased that the land had sold for so much.

They deny that any of the defendants persuaded the deputy sheriff to make a certificate to said Elliott and pay said money to the defendant, and allege, on the contrary, that the deputy sheriff, upon receiving the amount of said bid for the land, made a certificate in accordance with law, and paid the money

where the law directed it should be paid, to-wit: the amount of the execution to plaintiff in execution, and the balance to the defendant in execution.

They deny that the deputy sheriff on the day of the sale, or at any other time, demanded of. said Wm. McE. Dye and Henry P. Elliott, or either of them, the balance of the purchase money bid for said property in order to apply it on other payments secured by said written contract, and which were not due, and say that the plaintiff's attorney, J. B. Young, having made divers and sundry threats against said deputy sheriff, said deputy sheriff consulted two attorneys, who were nowise interested in the case, and each of them advised him that he had done right, and only complied with the law in such cases made and provided, in paying over said balance to the defendant, William McE. Dye. Defendants deny all the other allegations contained in the third paragraph of plaintiff's petition, not herein specifically admitted, denied or explained. They say that the sheriff made demands of a return of said certificate and offered to return the money, in accordance. with instructions from plaintiff's attorney. They deny the allegations of the eighth and ninth counts, that only a part of said $3000.00 bid at said sale was paid to the deputy sheriff. They allege that the Iowa City National Bank is now the owner and holder of the certificate of purchase. They deny all the allegations of the petition not admitted.

The defendant, Wm. McE. Dye, for answer to the interrogatories attached to plaintiff's petition, says: " I did receive about the sum of two thousand and ninety dollars and twenty-five cents from said deputy sheriff, who got it from H. P. Elliott, and I put it in my pocket. That I was at that time and had been for a long time prior thereto indebted to my wife, Ellen A. Dye, in the sum of four thousand dollars, and I paid her the two thousand and ninety dollars and twenty-five cents, which I understand she paid to Elliott· on the certificate of purchase. That the deputy sheriff on the day of sale, some time after the sale had taken place, called to me on the streets of Marion, and told me that plaintiff's attorney said that he, said deputy sheriff, should not have paid said excess of two

thousand and ninety dollars and twenty-five cents to me; whereupon I told him to consult a lawyer, which he did by consulting two lawyers, who both advised him that he had acted in a correct, legal manner, which seemed to satisfy him, and I went home."

The plaintiff demurred to this answer on the ground that the facts therein stated constitute no defense to plaintiff's cause of action.

The court sustained the demurrer, and, the defendant failing to further plead, decreed that the sale and certificate were void, set them aside, and ordered a new special execution to issue.  Defendant appeals.

*John Mitchell* and *Thomas Corbett*, for appellants.

*J. B. Young*, for appellee.

DAY, J.—The sole question presented for our consideration is, does the answer contain denials and averments sufficient to put the plaintiff upon the proof of the allegations of the petition, or is the plaintiff, notwithstanding the answer, entitled to the relief asked without proof.  The answer, it will be observed, admits that Ellen A. Dye purchased the property in controversy, through her agent, Henry P. Elliott, who furnished the money, and to whom the certificate of purchase was assigned as collateral security, and that the excess of the purchase price, after satisfying plaintiff's execution, was paid over to the defendant in execution, Wm. McE. Dye.

All the other material allegations of the petition are denied. Plaintiff claims that he is entitled to the relief asked upon the following grounds:

1.  Fraud in the purchaser or purchasers at the sale.

2.  Failure to pay over to the sheriff the purchase money when demanded.

But both the fraud and the demand for the purchase money are specifically denied.  And it is admitted that the sale occurred only as set forth in the officer's return, which shows payment of the entire price to the deputy sheriff.  If a stranger had purchased the land in good faith, through an

agent who furnished the money, and took an assignment of the certificate of purchase as collateral security, surely such person would not be held responsible for the disposition made of the money by the sheriff. And, if the wife of the execution defendant purchased under like circumstances, in good faith, no reason can be given why she is not entitled to equal protection.

It may be that there was a fraudulent combination between the defendants, as alleged, to impair plaintiff's security. But such fraudulent combination is denied. Upon the other hand, it may be that the purchaser and her agent acted in good faith, to prevent the sale of the premises for an inadequate sum, as it appears from the petition that plaintiff refused to bid upon the land in parcels.

The facts admitted do not, as matter of law, establish a fraudulent purpose. The answer tenders an issue which it was the right of defendants to have tried, and determined as a fact.

In sustaining the demurrer, and rendering judgment against defendants without proof, the court erred.

REVERSED.